IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01473-BNB

SHAWN D. ALLEN,

    Plaintiff,

v.

ROBERT TUCKER,
EDWARD SNEAD, and
JAMES MICHAUD,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Shawn D. Allen, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Allen has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. §§ 1983 and 1985 claiming that his rights were violated by prison officials while he was incarcerated at the Buena Vista Correctional Facility in 2011. He seeks damages as relief.

    The court must construe the Prisoner Complaint liberally because Mr. Allen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Allen will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint is deficient. For one thing, the Prisoner Complaint does not comply with the local civil rules for the District of Colorado, which require that all papers presented for filing be legible and double-spaced and include appropriate margins. *See* D.C.COLO.LCivR 10.1. Because the Prisoner Complaint lacks adequate margins and spacing between lines, it is difficult to read and understand.

The court also finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Allen fails to provide a short and plain statement of each of his claims showing he is entitled to relief because he asserts multiple claims based on different

legal theories within only one numbered claim for relief.  In addition, Mr. Allen fails to identify, clearly and concisely, which Defendant or Defendants he is suing with respect to each asserted claim and what each Defendant did that allegedly violated his rights.  Instead, the Prisoner Complaint includes repetitive and prolix factual allegations and unnecessary legal argument.

For these reasons, Mr. Allen will be ordered to file an amended complaint.  For each claim he asserts in the amended complaint, Mr. Allen "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Because Mr. Allen has named supervisory officials as defendants, the court emphasizes that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also Schneider v. City of Grand Junction Police Dept.*, – F.3d –, 2013 WL 2421071 at **5-6 (10th Cir. June 5, 2013) (discussing standards for supervisory liability).  As a result, a defendant may not be held liable for the

unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, it is

ORDERED that Mr. Allen file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Allen shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Allen fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED June 12, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge