IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01473-CMA-MJW

SHAWN D. ALLEN,

Plaintiff,

v.

ROBERT TUCKER,
EDWARD SNEAD, and
JAMES MICHAUD,

Defendants.

**RECOMMENDATION ON
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 1(B)(6)
(Docket No. 29)**

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 17) issued by Judge Christine M. Arguello on July 2, 2013.

**PLAINTIFF'S ALLEGATIONS**

*Pro se* incarcerated plaintiff Shawn D. Allen asserts the following in his Amended Prisoner Complaint (Docket No. 11). On March 29, 2011, while at the Colorado Department of Corrections ("CDOC") infirmary, plaintiff started banging his head against the walls of an observation cell. Plaintiff was eventually put in restraints and a safety helmet was placed on his head. Soon thereafter, plaintiff was transferred to the Buena Vista Correctional Facility ("BVCF").

Upon arriving at BVCF, plaintiff was placed in general population as "officials

were clearly ignorant of [his] suicidal ideations." At some point, Defendant Tucker placed plaintiff into an observation cell on mental health watch after staff informed Defendant Tucker that plaintiff was "acting odd" and plaintiff admitted that he was "still feeling suicidal."

On April 1, 2011, plaintiff banged his head for two hours, resulting in bruises. Defendant Snead was contacted, but did not come to plaintiff's cell and did not place plaintiff into restraints.

On April 5, 2011, plaintiff was informed by Defendant Tucker that they planned to transition plaintiff back into general population. Plaintiff told Defendant Tucker that he still felt suicidal and that his head hurt from the prior banging.

On April 18, 2011, plaintiff again banged his head against a wall and told Defendant Snead that he would "be banging my head to cause a stroke." Nothing was done to prevent plaintiff's "self-injurious behavior."

During his third week on mental health watch, plaintiff ceased his self-injurious behavior. However, plaintiff complained that his cell was unsanitary. Among the conditions plaintiff complained of were: mold in the vents, bacterial slime in the sink and toilet, and a heaping mound of trash shoved in a corner of the cell.

On June 6, 2011, plaintiff's cell was cleaned. On June 13, 2011 was taken off mental health watch.

Plaintiff's Claim One, made under 42 U.S.C. § 1983, alleges plaintiff's Eighth Amendment rights were violated as the result of: (1) the lack of steps taken to prevent plaintiff's self-injurious behavior; and (2) the unsanitary conditions in plaintiff's observation cell. Plaintiff's Claim Two alleges defendants conspired to prolong plaintiff's

time on mental health watch.

**PENDING MOTION**

Now before the court for a report and recommendation is defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 1(b)(6) (Docket No. 29).

The court has carefully considered the Amended Prisoner Complaint (Docket No. 11), the motion to dismiss (Docket No. 29), plaintiff's response (Docket No. 32), and defendants' reply (Docket No. 36).  In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere

4

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule

12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding *pro se*. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007). See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers). However, a pro se litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). See Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues). The plaintiff's pro se status does not entitle him to application of different rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

**ANALYSIS**

Among the arguments put forth by defendants in their motion to dismiss is that plaintiff's claims are barred by the applicable statute of limitations. Defendants further argue that plaintiff has failed to state a claim for conspiracy.

**1. Statute of Limitations**

Section 1983 creates a cause of action for "the deprivation, under color of state law, of a citizen's rights, privileges, or immunities secured by the Constitution and the laws of the United States." Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quotation marks and citations omitted).  Under Tenth Circuit law, § 1983 suits are analogous to but distinct from tort claims, because they "ultimately rest on the Constitution, not on state (or federal) common law." Mondragon v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008).

The statute of limitations for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose. Wallace v. Kato, 549 U.S. 384, 387 (2007).  In Colorado, that period is two years. See C.R.S. § 13-80-102; Workman v. Jordan, 32 F.3d 475, 482 (10th Cir. 1994).  The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the claim. Workman, 32 F.3d at 482.

This matter was commenced on June 7, 2013 (Docket No. 1).  As such, plaintiff's claims must have accrued no earlier than June 7, 2011.  In plaintiff's Amended Prisoner Complaint, plaintiff asserts that he was transferred to BVCF on March 29, 2011 and placed on mental health watch later that same day.  Docket No. 11, p. 5.  Plaintiff further alleges that he was taken off mental health watch on June 13, 2011.  Docket No. 11, p. 11.  Plaintiff's claims involve his time spent in the observation cell while he was on mental health watch.  Specifically, plaintiff alleges his Eighth Amendments rights were violated as the result of the lack of steps taken to prevent plaintiff from harming himself and as the result of the unsanitary conditions inside the observation cell.

First, as to the lack of steps taken to prevent plaintiff from harming himself, plaintiff alleges that he ceased his self-injurious behavior during his third week on mental health watch. Docket No. 11, p. 9. Plaintiff necessarily knew of defendants' lack of action to prevent his self-injurious behavior during (or very soon after) each incident of self-harm. Since plaintiff's self-injurious behavior ceased by the end of April 2011, plaintiff's Eighth Amendment claim involving his self-injurious behavior accrued, at the latest, at that time. The fact that plaintiff may have suffered continual ill effects from the original violation does not toll the statute of limitations. See Mata v. Lampert, 635 F.3d 1250, 1253 (10th Cir. 2011); see also Indus. Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir. 1994) (stating that a plaintiff "need not know the full extent of his injuries before the statute of limitations begins to run"). Accordingly, the court finds the claim is barred by the applicable statute of limitations.

Second, as to the unsanitary conditions in the observation cell, plaintiff alleges that once he ceased his self-injurious behavior towards the end of April 2011, plaintiff "paid more attention to [his] cell" and began asking for it to be cleaned. Docket No. 11, p. 9. Accordingly, plaintiff necessarily knew of the unsanitary conditions by the end of April 2011, and plaintiff's claim accrued at that time. Accordingly, the court finds the claim is barred by the applicable statute of limitations.

Based on the above analysis, the court finds that plaintiff's Claim One should be dismissed as untimely.

**2. Failure to State a Conspiracy Claim**

"By a § 1983 conspiracy claim," the Tenth Circuit "mean[s] a conspiracy to violate a right protected by § 1983; in other words, a conspiracy to deprive a plaintiff of a

constitutional or federally protected right under color of state law." Dixon v. City of Lawton, Okla., 898 F.2d 1443, 1449 n. 6 (10th Cir. 1990) (citations omitted). "[I]n order to survive a motion to dismiss [a § 1983 claim alleging a conspiracy], the complaint must contain more than mere conclusory allegations." Querry v. Messar, 14 F. Supp. 2d 437, 452–53 (S.D.N.Y. 1998) (internal quotation marks and citation omitted). "This means that the plaintiff should make an effort to provide some details of time and place and the alleged effect of the conspiracy." Id.; see also Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998) (for § 1983 conspiracy claim, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants) (citation omitted). "[C]onclusory allegations that defendants acted 'in concert,' or 'conspired' without specific factual allegations to support such assertions are insufficient." Merritt v. Hawk, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001) (quoting Aniniba v. City of Aurora, 994 F. Supp. 1293, 1298 (D. Colo. 1998)).

Plaintiff's allegations concerning the alleged conspiracy are confusing, contradictory, and conclusory in nature. First, plaintiff alleges that defendants conspired to keep him *on* suicide watch. Docket No. 11, p. 12. However, plaintiff alleges that he was, and remained, suicidal. Docket No. 11, p. 7. Plaintiff fails to explain how keeping an offender with suicidal ideations on suicide watch constitutes a deprivation of a constitutionally or federally protected right.

On the other hand, plaintiff also alleges that defendants conspired to force him *off* of suicide watch and place him in general population. Docket No. 11, p. 12. Plaintiff alleges defendants believed plaintiff was "pretending to be suicidal." Docket No. 11, p. 12. However, regardless of defendants' alleged reasoning, plaintiff has no constitutional

9

right to not be in general population. See Meachum v. Fano, 427 U.S. 215, 223-25 (1976); Lindsey v. True, No. 11-cv-02924-BNB, 2012 WL 1585902, at *3 (May 7, 2012 D. Colo.).

In addition, plaintiff fails to allege any specific facts showing a conspiracy amongst defendants. Plaintiff's Amended Prisoner Complaint only contains conclusory and speculative assertions regarding his conspiracy claim. For this and the other reasons above, the court finds that plaintiff has failed to allege a claim for conspiracy, and that plaintiff's Claim Two should be dismissed.

Based on the above findings, and in the interest of judicial economy, the court will not address the remaining bases for dismissal of plaintiff's claims raised in the subject motion.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 1(b)(6) (Docket No. 29) be **GRANTED** and plaintiff's Amended Prisoner Complaint be dismissed in its entirety.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file**

**and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  October 21, 2013           s/ Michael J. Watanabe
       Denver, Colorado           Michael J. Watanabe
                                        United States Magistrate Judge