**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-01473-CMA-MJW

SHAWN D. ALLEN,

    Plaintiff,

v.

ROBERT TUCKER,
EDWARD SNEAD, and
JAMES MICHAUD,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING OCTOBER 21, 2013
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the October 21, 2013 Recommendation by United States Magistrate Judge Michael J. Watanabe that Defendants' Motion to Dismiss (Doc. # 29) be granted, and that the Complaint be dismissed. (Doc. # 37.) The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). On November 12, 2013, Plaintiff Shawn Allen filed an objection to the Recommendation. (Doc. # 41.)

"When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

Plaintiff first argues that the applicable statute of limitations period is three years, rather than two years, as Magistrate Judge Watanabe determined. In so contending, Plaintiff argues that the applicable statute of limitations is borrowed from C.R.S. § 13-80-102.5, which pertains to actions against health care institutions and professionals. However, Plaintiff's action is a Section 1983 claim, which is distinct from a tort claim because it "ultimately rest[s] on the Constitution, not on state (or federal) common law." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Therefore, the statute of limitations is two, not three years. *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994).

Plaintiff also objects to Magistrate Judge Watanabe's calculation of when his claim accrued, arguing that the continuing wrong doctrine applies and therefore the limitations period begins to run from the date of the last injury. (Doc. # 37 at 2.) Plaintiff further argues that the date of the last injury is June 13, 2011, which is when he was let out of his cell. However, being held in the cell is not the "continuing wrong"; rather, the wrongs complained of were that Defendants failed to take steps to prevent Plaintiff from harming himself and that he was kept in unsanitary conditions in his cell. As Magistrate Judge Watanabe observed, Plaintiff's filings show that "he ceased his self-injurious behavior towards the end on April 2011"; therefore statute of limitations began to run at the end of April 2011 for this claim. Similarly, as Judge Watanabe observed, Plaintiff stated in his amended complaint that by the end of April 2011, Plaintiff "paid more

attention to [his] cell" and began asking for it to be cleaned.  (Doc. # 37 at 7 (citing Doc. # 11 at 9).)  Therefore, Plaintiff's allegations demonstrate he was aware of Defendants' failure to remedy the unsanitary conditions of his cell at that time.  Accordingly, Plaintiff's objections are unavailing and the Court agrees with Magistrate Judge Watanabe's analysis because Plaintiff did not file his complaint until June 7, 2013, these claims are barred by the two-year statute of limitations.[1]

The Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the Recommendation, and Plaintiff's objection thereto.  Based on this *de novo* review, the Court concludes that Judge Watanabe's Recommendation is correct and is not called into question by Plaintiff's objection.  Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 41) is OVERRULED.  It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Michael J. Watanabe (Doc. # 37) is AFFIRMED and ADOPTED as an order of this Court.  Pursuant to the Recommendation, it is

FURTHER ORDERED that the Complaint is DISMISSED WITH PREJUDICE.

DATED:  November 13, 2013

BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] To the extent Plaintiff's complaint can be read to assert a claim of retaliation him for filing Case No. 11-cv-01424, the Court notes that Plaintiff did not file that complaint until May 31, 2011, which is **after** Plaintiff was placed on a mental health watch in the instant case.